J-A02036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| MARY HERMAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| DONALD P. RUSSO, ESQ. D/B/A LAW OFFICES OF DONALD RUSSO | |
| Appellee | No. 1362 EDA 2014 |

Appeal from the Order Dated April 21, 2014
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2011-C-912

BEFORE:  PANELLA, J., LAZARUS, J., and WECHT, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 23, 2015**

Appellant, Mary Herman, appeals from the order granting summary judgment to Donald P. Russo, Esquire, on her claim for legal malpractice. After careful review, we affirm.[1]

Herman was employed by Carbon County Jury Selection Commission as a full-time Jury Clerk for eighteen years.  In late 2003, one member of

---

[1] Herman also has filed an application for leave to supplement the reproduced record with a transcript from the argument on summary judgment in the trial court.  We deny the application for two reasons.  First, Herman improperly seeks to supplement the reproduced record, but not the certified record.  **See Roth Cash Register Company, Inc. v. Micro Systems, Inc.**, 868 A.2d 1222, 1223 (Pa. Super. 2005) (only documents in the certified record are considered on appeal).  Second, Herman fails to identify what relevance the argument on summary judgment would have on this appeal.

the Commission, Carbon County President Judge Richard Webb, proposed computerizing the office, eliminating the full-time Jury Clerk position, and creating a new part-time position, to be filled by Herman. The other two members of the Commission voted against Judge Webb's proposal.

Undeterred, Judge Webb brought his proposal to the Carbon County Salary Board. Herman sent a letter to the Carbon County Commissioners, advocating that they vote against Judge Webb's proposal. In a letter to one Commissioner, Herman revealed her belief that Judge Webb was retaliating against her due to her association and support of Jury Commissioners who had filed a complaint to the Judicial Conduct Board against Judge Webb. The Carbon County Commissioners ultimately adopted Judge Webb's proposal, and Herman's hours and hourly wages were reduced.

Herman alleges that she was subsequently told by Judge Webb that her job was changed in retaliation for the Jury Commissioners' actions. Herman sought legal advice on her desire to file a complaint against Carbon County due to the employment action. The first attorney she spoke to advised against including Judge Webb as a defendant in the complaint.

Herman then sought the advice of Appellee Attorney Russo. Attorney Russo also advised against including Judge Webb as a defendant, opining that it would weaken her case before the ultimate trier of fact. Herman accepted this advice, as it comported with the advice she had previously been given.

In 2004, Attorney Russo filed a complaint in the United States District Court for the Middle District of Pennsylvania on behalf of Herman against the Carbon County Commissioners who had approved the change in her employment. Of relevance to the current case, Herman asserted that the Commissioners had improperly retaliated against her in violation of her rights under the First Amendment to the United States Constitution. The Middle District initially dismissed the complaint.

After the United States Court of Appeals for the Third Circuit opined that Herman's complaint was insufficiently specific, the case was remanded to the Middle District to allow for an amended pleading. In late 2007, Attorney Russo filed a second amended complaint. In 2009, the Middle District granted the defendants' motion for summary judgment, concluding in relevant part that Herman had failed to establish that her support of the Jury Commissioners had been a substantial factor in the County Commissioners' decision to change her job.

Directly relevant to the present matter, the Middle District penned the following passage in granting summary judgment.

> In her deposition, [Herman] contended that "Judge Webb" acted to retaliate against her as part of his dispute with the Jury Commissioners when he changed her job.
>
> [Herman] has therefore produced evidence by which a jury could conclude that Judge Webb sought to reduce her hours in retaliation for her support of the jury commissioners in their dispute with him. Judge Webb, however, is not a defendant in this case. The relevant question, therefore, is not whether [Herman's] speech was a substantial factor in Judge Webb's

- 3 -

decision to change her hours, but whether [Herman's] speech was a substantial factor in the [Carbon County Commissioners'] decision to adopt Judge Webb's recommendation.

***Herman v. County of Carbon***, 2009 WL 1259083 (M.D. Pa., May 5, 2009) (unpublished memorandum).

Herman subsequently filed the instant action, alleging professional malpractice, breach of contract, and breach of fiduciary duty against Attorney Russo. On March 13, 2013, the trial court granted partial summary judgment to Russo, dismissing all claims except those based on Attorney Russo's failure to name Judge Webb as a defendant in the underlying suit. For those claims, the trial court permitted further discovery, noting that its case management order on the issue was arguably ambiguous.

Herman subsequently filed an expert report in support of her contention that Attorney Russo had committed professional negligence in failing to name Judge Webb as a defendant. Attorney Russo again moved for summary judgment, and this time, the trial court granted the motion, concluding that the record before it could not support Herman's claims. This timely appeal followed.

On appeal, Herman raises two issues for our review.

(1) By misapplying the summary judgment standard (i.e., omitting material facts, testing remaining facts in the light least favorable to [Herman], and making incorrect legal conclusions therefrom), did the trial court err when it entered summary judgment against [Herman] in her legal malpractice action secondary to [Attorney Russo's] failure to join an indispensable party in the underlying First Amendment retaliation federal action?

- 4 -

…

> (2) Does the coordinate jurisdiction rule/law of the case/estoppel doctrines preclude the entry of summary judgment following non-material discovery events when summary judgment had already been pertinently denied by a different judge within the same trial court on the same material facts?

Appellant's Brief, at 9.

We will address these issues in reverse order. First, Herman argues that the trial court's grant of summary judgment on the claim based upon the failure to name Judge Webb as a defendant in the underlying matter was barred by the coordinate jurisdiction rule. In relevant part, the coordinate jurisdiction rule prevents a Common Pleas Court judge from overruling a different judge of the same court's resolution of a legal question in a given case. *See Zane v. Friends Hospital*, 836 A.2d 25, 29 (Pa. 2003). The coordinate jurisdiction rule is based upon several policy considerations. First, economy of judicial resources is preserved through fostering the finality of pre-trial decisions. *See id.* Second, protection of the settled expectations of the parties is furthered by application of the rule. *See id.* Third, the rule serves to bring finality to litigation, preventing endless re-hashing of disputed points of law before trial. *See id.*

Herman contends that the initial, partial grant of summary judgment, which excluded the issue based upon Judge Webb's involvement, acted as a final pre-trial resolution on the legal issue involved. We note, however, that

Herman did not raise this issue before the trial court. It is therefore waived for purposes of appeal. *See* Pa.R.A.P. Rule 302(a).

Herman contends that "this Court has held that a trial court's opining on an otherwise never before briefed issue constitutes a preservation of that issue for appeal when raised by Appellant in her Concise Statement of Issues." Appellant's Reply Brief, at 7 (citation omitted). To support this proposition, Herman cites to a case where the Pennsylvania Supreme Court reviewed a capital conviction. In that opinion, the Supreme Court addressed waiver of an issue that was not preserved in the record, as the transcript of the relevant time was unavailable. Ultimately, the Supreme Court found that the trial court had conceded, in the absence of an official record, that the issue had been preserved, *see Commonwealth v. Sanchez*, 82 A.3d 943, 978-979 (Pa. 2013). We find *Sanchez* distinguishable, as there is no allegation that the relevant record is unavailable, and there is therefore no implication that the trial court has conceded that the issue was preserved.

Herman also cites to two Superior Court opinions that we are unable to construe to support Herman's position, *see Commonwealth v. Lane*, 81 A.3d 974, 978 (Pa. Super. 2013) and *Commonwealth v. Rodriguez*, 81 A.3d 103, n.3 (Pa. Super. 2013). In contrast, we observe that Rule 302 has been consistently applied by the Supreme Court of Pennsylvania to require that issues be raised in front of the trial court before an appeal has been filed. *See*, *e.g.*, *Scalice v. Pennsylvania Employees Benefit Trust*

- 6 -

***Fund***, 883 A.2d 449, n.10 (Pa. 2005). Thus, Herman's coordinate jurisdiction argument is waived for purposes of appeal.

In her next issue, Herman contends that the trial court erred by incorrectly applying the appropriate standard of review at the summary judgment stage. We review a challenge to the entry of summary judgment as follows.

> [We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. ***See*** Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***E.R. Linde Const. Corp. v. Goodwin***, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted). As the plaintiff asserting a cause of action for legal malpractice, Herman bore the burden of adducing sufficient evidence of record to establish the following elements. First, employment of the attorney or other basis for a duty to the plaintiff; second, a failure of the attorney to exercise ordinary skill and knowledge; and third, that the failure

was the proximate cause of the harm to the plaintiff. ***See Bailey v. Tucker***, 621 A.2d 108, 112 (Pa. 1993).

With respect to the third element, causation, we note that the plaintiff bears a difficult burden. To establish this element, the plaintiff must prove that she would have been successful in achieving a judgment in her favor in the underlying case. ***See Kituskie v. Corbman***, 714 A.2d 1027, 1030 (Pa. 1998). "It is only after the plaintiff proves [she] would have recovered a judgment in the underlying action that the plaintiff can then proceed with proof that the attorney [she] engaged to prosecute or defend the underlying action was negligent in the handling of the underlying action …." ***Id***.

Here, the injury suffered by Herman was the reduction in pay and hours for her job as jury clerk. Herman does not contend that Judge Webb independently effectuated this reduction. Rather, all parties acknowledge that the action was taken by the County Commissioners.

In the underlying action, Herman sued the County Commissioners who voted in favor of her demotion. As noted above, the Middle District of Pennsylvania held that that Herman had failed to adduce sufficient evidence to establish that Herman's alleged protected activities had been a substantial factor in the County Commissioners' decision to demote her. Specifically, the District Court highlighted the fact that, when asked about evidence that the County Commissioners had been motivated by her protected activity,

Herman admitted that she had none.  **See Herman**, 2009 WL 1259083 at *6.

Herman contends that pursuant to the "cat's paw" theory of liability, including Judge Webb as a defendant would have allowed her to impute Judge Webb's improper motive to the County Commissioners.  In a "cat's paw" case, a plaintiff seeks to hold her employer liable for the improper motives of a non-decision maker.  **See McKenna v. City of Philadelphia**, 649 F.3d 171, 177 (3d Cir. 2011).  In these cases, an employer can be held liable "because one of its agents committed an action based on discriminatory animus that was intended to cause, and did in fact cause, an adverse employment decision."  **Staub v. Proctor Hospital**, 131 S.Ct. 1186, 1193 (U.S. 2011).  The plaintiff's burden is to establish that the non-decision making agent, motivated by an improper purpose, acted in a manner designed to produce the adverse employment decision.  **See id**., at 1192-1193.

We conclude that **Staub** is distinguishable from the present case, as Herman does not contend that any of the reasons provided by Judge Webb to the County Commissioners for the adverse employment action were untrue or otherwise inaccurate.  Nor can she establish that the reasoning that the County Commissioners claimed in support of taking the action were pretextual.  In the record currently before us, Herman provides no evidence to contradict the following reasoning, set forth by the Middle District of

Pennsylvania in its memorandum granting summary judgment to the County Commissioners.

> [Judge Webb] based his recommendation on an analysis that the staffing level was unnecessary. He concluded that the manual methods plaintiff used to update the jury pool were time-consuming and inefficient, and that computer-based methods would reduce the time and cost required for such updates. Accordingly, the Judge recommended that the jury clerk position be reduced to a part-time job. The board based its decision to make the jury-clerk position half-time on this recommendation. Judge Webb's decision reducing staffing was consistent with the approach advocated by the Pennsylvania Supreme Court to reduce staffing.

*Herman*, 2009 WL 1259083 at *5 (citations omitted).

Put simply, we conclude that Herman has failed to establish that including Judge Webb as a defendant in the underlying action would have changed the outcome in the Middle District of Pennsylvania. Even assuming, as we must under our standard of review, that Judge Webb was motivated by an improper animus of retaliation, there is no evidence, or even argument, that the reasons he presented to the County Commissioners were untrue with respect to any factual assertions. To the extent that Judge Webb's presentation to the County Commissioners involved his own personal opinions, there is no evidence, or even argument, that these opinions were against the policy set forth by the Supreme Court of Pennsylvania, nor is there evidence or argument that such policy was applied in a discriminatory manner. Thus, Herman failed to establish that Judge Webb's alleged retaliatory animus was a proximate cause of the County Commissioner's

decision to reduce the hours and rate of pay of Herman's job. Herman's argument on appeal merits no relief.

Order affirmed. Application for Leave to Supplement the Reproduced Record denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/23/2015