J-S50032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAVIER GONZALEZ | |
| Appellant | No. 2544 EDA 2014 |

Appeal from the PCRA Order July 21, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004027-2007

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

DISSENTING STATEMENT BY PANELLA, J.          **FILED OCTOBER 15, 2015**

As the Majority correctly notes, this appeal is a legal nullity since Gonzalez filed the notice of appeal *pro se* while represented by counsel.  As such, it is apparent from the record that counsel abandoned Gonzalez prior to filing a motion to withdraw.  If this were the only apparent problem with counsel's stewardship of this case, I might join my esteemed colleagues in the Majority in overlooking this deficiency in the interests of judicial economy.  It is, however, not the only problem.  As the Majority again correctly notes, there are several other issues with counsel's performance in this matter, including a failure to ensure that a copy of the counseled, amended petition upon which this appeal is based was included in the certified record on appeal.

I am not comfortable "deducing" what is in a document that is not in the certified record, as such a deduction is contrary to well-established case law. *See Roth Cash Register Company, Inc. v. Micro Systems, Inc.*, 868 A.2d 1222, 1223 (Pa. Super. 2005). Furthermore, "[i]t is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." *Everett Cash Mutual Insurance Company v. T.H.E. Insurance Company*, 804 A.2d 31, 34 (Pa. Super. 2002) (quoting *Hrinkevich v. Hrinkevich*, 676 A.2d 237, 240 (Pa. Super. 1996)). Thus, appointed counsel's "inadequacies" further prevent this Court from substantively addressing any issue on this appeal.

Nor am I willing to assume that effective counsel could not have possibly found any claim or argument that qualified for an exception from the time-bar. A facially untimely petition does "not preclude a court from appointing counsel to aid an indigent petitioner in attempting to establish an exception to the time-bar." *Commonwealth v. Smith*, 818 A.2d 494, 499 (Pa. 2003). "[A]n indigent petitioner, who files his first PCRA petition, is entitled to have counsel appointed to represent him during the determination of whether any of the exceptions to the one-year time limitation apply." *Id*. If I were to apply the Majority's reasoning, there would never be any reason to appoint counsel to represent a petitioner pursuant to a facially untimely petition; the courts could simply deduce what

the petitioner wishes to argue, and presume that it could never be successfully argued. Our Supreme Court has clearly provided that this is not the way the system is designed to operate.

As a result, I have no confidence that Gonzalez has received his right to effective assistance of counsel in pursuing his first PCRA petition. Rather, upon the record before us, I conclude that counsel abandoned Gonzalez *prior to the filing of the notice of appeal* and, further, prior to filing his motion to withdraw. Thus, while I conclude that the appeal is a legal nullity, I would provide Gonzalez with the remedies set forth in **Commonwealth v. Williamson**, 21 A.3d 236 (Pa. Super. 2011). Contrary to the Majority's assertion, **Williamson** is directly on point here, as it involved abandonment by counsel as evidenced by a failure to file an appeal. I would also deny the petition to withdraw, and note that appointed counsel would retain the duty to ensure that Gonzalez received notice of this decision in a prompt manner.