J-S85003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| INDIA SPELLMAN | |
| Appellant | No. 3781 EDA 2015 |

Appeal from the Judgment of Sentence May 30, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001160-2011
CP-51-CR-0001161-2011

BEFORE:  PANELLA, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                 **FILED JANUARY 09, 2017**

Appellant, India Spellman, appeals *nunc pro tunc* from the judgment of sentence entered after a jury found her guilty of, among others, second degree murder, robbery, conspiracy, and violations of the Uniform Firearms Act. Spellman argues that the trial court erred in finding that her confession to investigators was admissible, and in failing to declare a mistrial when a Commonwealth witness unexpectedly testified to an in-court identification of Spellman. After careful review, we affirm.

At trial, the Commonwealth presented the testimony of Spellman's co-defendant, Von Combs. Combs, 14 years old at the time in question, testified that he and Spellman, who was then 17, were walking through the neighborhood when they encountered Shirley Phillips. As the two

approached Phillips, Combs testified that Spellman announced that she intended to rob Phillips.

According to Combs, Spellman pointed a gun at Phillips and demanded she surrender her property. Phillips dropped her belongings and fled down the street. Spellman and Combs gathered Phillips's property and quickly departed the scene of the crime.

Shortly thereafter, the two resumed their prowl through the neighborhood. As they walked, they approached George Greaves, who was standing in his driveway. Combs testified that once again, Spellman announced her intent to rob Greaves before committing the crime. Combs claimed that he had attempted to talk Spellman out of the crime, but that she proceeded to rob Greaves anyway. During the robbery, Greaves struggled with Spellman, and Spellman placed her gun against Greaves's chest and shot him. Greaves did not survive the shooting.

The Commonwealth also presented the testimony of Kathy Mathis. During direct examination, Mathis positively identified Spellman as the young woman she observed fleeing from the scene of Greaves's murder. She had never made a positive identification of Spellman prior to her in-court testimony.

Furthermore, the Commonwealth presented Spellman's signed confession to the above crimes. Prior to trial, Spellman attempted to have the confession suppressed, but the trial court had denied the motion.

As noted above, the jury convicted Spellman of second-degree murder, two counts of robbery, and other associated charges. The trial court imposed an aggregate sentence of imprisonment of 30 years to life. No direct appeal was filed.

Spellman's direct appeal rights were restored through the Post Conviction Relief Act. However, her right to file post-sentence motions was not restored. This *nunc pro tunc* appeal followed.

Spellman raises two issues on appeal. First, she argues that the trial court erred in denying her motion to suppress her confession.

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.
>
> [W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.
>
> Further, [i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony.

**Commonwealth v. Houck**, 102 A.3d 443, 455 (Pa. Super. 2014) (internal citations and quotations omitted; first brackets in original, second brackets supplied).

Spellman contends that her confession was not voluntary. Specifically, she argues that, given a subsequent history of suppressed confessions

procured by detectives involved in this case, the trial court's conclusion that Spellman was permitted to consult with her father is unsupportable. However, evidence of the detectives' objectionable actions in other cases is not part of the certified record in this case. We therefore cannot consider it in resolving Spellman's argument on appeal. *See Roth Cash Register Company, Inc. v. Micro Systems, Inc.*, 868 A.2d 1222, 1223 (Pa. Super. 2005).[1]

In determining the admissibility of a juvenile's confession, a court must consider and weigh all the attending facts and circumstances surrounding the confession. *See Commonwealth v. Carter*, 855 A.2d 885, 890 (Pa. Super. 2004). Among the relevant circumstances are the juvenile's "youth, experience, comprehension, and the presence or absence of an interested adult[,]" as well as the manner, location, and duration of the questioning that led to the confession. *Id*. (citation omitted).

The presence of an interested adult is but one factor among many when reviewing the circumstances surrounding a juvenile's confession. *See id*. The Supreme Court of Pennsylvania has "reject[ed] the application of a

_____

[1] Spellman cites to three cases from the Court of Common Pleas. Arguably, these decisions are subject to judicial notice. However, to determine the relevance of those cases to the present case, we must assess the credibility and weight of evidence in this case and the effect those cases have on the circumstances of this case. For these reasons, and given our standard of review, we find the mechanism of judicial notice inappropriate in reviewing this issue on direct appeal.

rebuttable presumption that a juvenile is incompetent to waive his constitutional rights without first having an opportunity to consult with an interested [adult]." ***Commonwealth v. Williams***, 475 A.2d 1283, 1287 (Pa. 1984).

The trial court found credible the detective's testimony that he had discussed the situation with Spellman and her father before interrogating her. ***See*** N.T., Suppression Hearing, 2/13/13, at 42. The detective also testified, and the trial court also found this testimony credible, that neither Spellman nor her father ever requested the presence of an attorney. ***See id***. These findings are supported by the record, and do not constitute an abuse of discretion. They are therefore sufficient to overcome Spellman's argument on appeal.

Next, Spellman contends that the trial court erred in refusing to declare a mistrial when Mathis testified, for the first time, that Spellman was the person who shot Greaves. Mathis was a neighbor of Greaves, and testified that she was in her house when she heard gunshots. ***See*** N.T., Trial, 2/13/13, at 23-24. She ran outside to check on her grandson, and saw a young man and young woman running away. ***See id***., at 24. At trial, the prosecutor asked if the young woman Mathis saw fleeing the scene of the crime was in court. ***See id***., at 27. She affirmatively responded and pointed to Spellman. ***See id***.

Spellman argues that this identification constituted trial by ambush. It is true that trial by ambush is disfavored in this Commonwealth. *See Commonwealth v. Thiel*, 470 A.2d 145, 149 (Pa. Super. 1983). However, Spellman has failed to establish that Mathis's identification testimony was an ambush.

Spellman premises her argument on an allegation of prosecutorial misconduct. *See* Appellant's Brief, at 15.

> The phrase "prosecutorial misconduct" has been so abused as to lose any particular meaning. The claim either sounds in a specific constitutional provision that the prosecutor allegedly violated or, more frequently, like most trial issues, it implicates the narrow review available under Fourteenth Amendment due process. *See Greer v. Miller*, 483 U.S. 756, 765, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) ("To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial.") (internal quotation marks omitted); *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974) ("When specific guarantees of the Bill of Rights are involved, this Court has taken special care to assure that prosecutorial conduct in no way impermissibly infringes them."). However, "[t]he Due Process Clause is not a code of ethics for prosecutors; its concern is with the manner in which persons are deprived of their liberty." *Mabry v. Johnson*, 467 U.S. 504, 511, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). The touchstone is the fairness of the trial, not the culpability of the prosecutor. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982).

*Commonwealth v. Tedford*, 960 A.2d 1, 28-29 (Pa. 2008).

Spellman's claim is not based upon a constitutional provision. Rather, she argues that she did not receive a fair trial because the prosecutor violated the discovery rules contained in the Rules of Criminal Procedure.

While we share Spellman's skepticism of the prosecutor's claim that he was unaware of what Mathis's answer would be when he asked her if the fleeing woman was in the courtroom, this skepticism is insufficient to provide relief on appeal. Spellman does not contest that Mathis was identified as an eyewitness in several police reports that were provided to Spellman during discovery. Mathis was therefore not a new witness under Pa.R.Crim.P. 573(D). **See Commonwealth v. Honesty**, 850 A.2d 1283, 1287 n.2 (Pa. Super. 2004).

Nor is there any evidence in the certified record that Mathis participated in a pre-trial procedure to identify Spellman. Indeed, Spellman conceded that she had cancelled a scheduled pre-trial line-up for Mathis. **See** N.T., Trial, 2/14/13, at 28. This line-up was never rescheduled. **See id**., at 28-29. Thus, Spellman was given an opportunity to discover Mathis's identification testimony prior to trial. Under these circumstances, we simply cannot conclude that the Commonwealth violated Pa.R.Crim.P. 573(B)(1)(d).

As we cannot conclude that the prosecutor violated any Rule of Criminal Procedure, Spellman has failed to establish that she was denied a fair trial on this ground. Her second issue on appeal therefore merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/9/2017</u>