J-S72017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MAROM INVESTMENTS, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ZAIMAH AZIZ, | : | |
| | : | |
| Appellant | : | No. 417 EDA 2017 |

Appeal from the Order Entered December 20, 2016
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s): 4141 May Term, 2016

BEFORE: BENDER, P.J.E., MUSMANNO, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY MUSMANNO, J.:          **FILED DECEMBER 19, 2017**

In this ejectment action, Zaimah Aziz ("Aziz"), *pro se*, appeals from the Order that awarded possession of the subject property, 6723 Lansdowne Avenue, Philadelphia, Pennsylvania ("the Property"), to Marom Investments, LLC ("Marom"). We affirm.

On June 3, 2016, Marom filed a Complaint in Ejectment against Aziz concerning the Property. On August 19, 2016, Marom filed a Praecipe for entry of default judgment. However, the trial court thereafter scheduled the matter for a hearing on December 20, 2016. At the close of the hearing, the trial court entered an Order awarding Marom possession of the Property.

Aziz timely filed a *pro se* Notice of Appeal on January 12, 2017. In response, the trial court issued an Order on March 31, 2017 (after giving notice to the parties), directing Aziz to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days of the Order.

_____

* Former Justice specially assigned to the Superior Court.

Thereafter, the trial court issued an Opinion on August 1, 2017, noting that Aziz never filed a Rule 1925(b) concise statement, which was 102 days overdue as of that date. Accordingly, the trial court found that Aziz had waived any claims, and recommended that this Court quash the appeal.

We agree that Aziz has waived the issues that she presents in her *pro se* brief (which, itself, fails to comply with several of our Rules of Appellate Procedure)[1] by failing to file a Rule 1925(b) concise statement.[2] **See Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (stating that "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."); **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 226-27 (Pa. Super. 2014) (*en banc*) (applying **Castillo** and finding waiver).

Order affirmed.

---

[1] Though we acknowledge that Aziz is proceeding *pro se*, "as a *pro se* litigant, [s]he is not entitled to any particular advantage because [s]he lacks legal training." **Kovalev v. Sowell**, 839 A.2d 359, 367 n.7 (Pa. Super. 2003) (citation and quotation marks omitted).

[2] Aziz averred, in a Response she filed to a Rule to Show Cause issued by this Court concerning her failure to file a concise statement, that she timely filed a concise statement on April 7, 2017. However, this purported filing was never entered on the trial court's docket and is not contained in the certified record. Accordingly, we may not consider it. **See, e.g., Roth Cash Register Co. v. Micro Sys.**, 868 A.2d 1222, 1223 (Pa. Super. 2005) (stating that this Court cannot consider documents that are not part of the certified record).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2017