# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| East Liberty Development, Inc. | : | |
| | : | |
| v. | : | No. 358 C.D. 2023 |
| | : | Submitted: May 15, 2023 |
| City of Pittsburgh, | : | |
| Petitioner | : | |

**BEFORE:**     **HONORABLE RENÉE COHN JUBELIRER, President Judge**

**OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**           **FILED: June 22, 2023**

This matter comes before the Court on a Petition for Permission to Appeal (Petition) filed by the City of Pittsburgh (City).[1]

From the parties' filings, we discern that the City obtained a property on Auburn Street in the City through a Treasurer's sale. (*See* Petition (Pet.) at 5; Answer to Pet. at 1 (pagination supplied).) Thereafter, East Liberty Development, Inc. (East Liberty) filed in the Court of Common Pleas of Allegheny County (trial court) a petition for the appointment of a conservator pursuant to the Abandoned and Blighted Property Conservatorship Act (Conservatorship Act).[2] (Pet. at 5.)

---

[1] This Petition is one of 60 petitions for permission to appeal the City electronically submitted for filing with this Court. All the petitions for permission to appeal seek review of the interlocutory order of the Court of Common Pleas of Allegheny County (trial court) that is applicable to numerous City-owned properties subject to conservatorship proceedings similar to the proceedings underlying the instant Petition. (Petition (Pet.) at 2 (Order in Question), 5 (Statement of the Case).) The trial court permitted the City to file one motion for judgment on the pleadings applicable to all the actions and it issued one or the same order applicable to each. (*Id.*) This Court has not accepted for filing the remaining petitions for permission to appeal pending a determination of the instant Petition's timeliness, addressed herein. The same timeliness issue is present in all the petitions for permission to appeal.

[2] Act of November 26, 2008, P.L. 1672, *as amended*, 68 P.S. §§ 1101-1120.

During the proceedings, the City filed a motion for judgment on the pleadings on the basis that the Conservatorship Act conflicts with the Second Class City Treasurer's Sale and Collection Act (Collection Act)[3] on the ground that the Conservatorship Act lowers in priority, or eliminates, the City's lien and places additional financial burdens on the City without notice. (Pet. at 5-6.) The trial court issued a *January 11, 2023*, order denying the City's motion for judgment on the pleadings. (*Id.* at 6.)

On January 20, 2023, the City filed an "Application for Certification of Order for Interlocutory Review Pursuant to 42 Pa.C.S. [] § 702(b) and Pa.R.A.P. 1311(a)(1)" (application to certify) of the January 11, 2023, order. Section 702(b) provides that a trial court may indicate in its interlocutory order that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter. 42 Pa.C.S. § 702(b). Thereafter, the appellate court, in its discretion, may permit an appeal to be taken from the interlocutory order. *Id.* If the trial court's order does not include the language of Section 702(b), Pennsylvania Rule of Appellate Procedure (Rule) 1311 permits a party, within 30 days of the order sought to be certified, to request the trial court to amend its order to include Section 702(b)'s language. Pa.R.A.P. 1311(b). In this case, East Liberty does not dispute that the City's January 20, 2023, application to certify the trial court's January 11, 2023, order was timely. (City's Response to Rule to Show Cause at 2; *see generally* East Liberty's Answer to Pet.)

The trial court scheduled argument on the City's application to certify the January 11, 2023, order for February 9, 2023. (City's Response to Rule to Show

---

[3] Act of October 11, 1984, P.L. 876, *as amended*, 53 P.S. §§ 27101-27605.

Cause at 2.) During argument, a question arose as to whether the City's automatic supersedeas should be lifted during the pendency of the proceedings. The next day, the trial court ordered the parties to brief that issue. (*Id.*)

On March 10, 2023, the trial court granted the City's application to certify its January 11, 2023, order.[4] Thereafter, on April 6, 2023, the City filed its Petition in this Court.

The Court preliminarily reviewed the Petition, and noted that the trial court's March 10, 2023, order certifying the January 11, 2023, order for interlocutory appeal did not appear to comport with the time constraints set forth in Rule 1311. Rule 1311 requires a court to act on an application to certify an interlocutory order within 30 days of the application's filing. In this case, the trial court had until February 21,

---

[4] The trial court's March 10, 2023, order states in relevant part:

AND NOW, this 10th of March 2023, upon review of the City['s] . . . Application for Certification of Order for Interlocutory Review Pursuant to 42 Pa.C.S.[] § 702(b) and Pa. R.A.P. 1311(a)(1) ("Application"), argument on February 9th, Petitioners' Briefs in Opposition, IHHWT, LLC's Memorandum of Law for vacating the automatic supersedeas, ("Memorandum of Law") and the City's Brief in Opposition received by email March 6[], 2023, it is ORDERED, ADJUDGED, AND DECREED, that the Application is GRANTED. My January 11, 2023, Order filed at CS-21-115 which applies to all City Conservatorship Cases remains in effect and is amended here to state that it involves a controlling question of law as to which there [are] substantial grounds for difference of opinion and that an immediate appeal from this Order may materially advance the ultimate resolution of this matter. 42 Pa.C.S.[] § 702(b). I further order that an interim STAY is GRANTED while the City files its appeal pursuant to [Section] 702(c). If the Commonwealth Court does not take the appeal, the interim stay will be lifted and the cases will immediately proceed.
. . . .
In conclusion, the Application is GRANTED, I am amending my January 11, 2023, Order to include the certified language pursuant to [Section] 702(b), and an interim STAY is issued while the City . . . files its Conservatorship cases appeals.

(Pet. at 2-3.) As noted above, this Petition is one of 60 petitions for permission to appeal submitted to the Court for filing. The Petition does not define what "IHHWT" means.

3

2023, to dispose of the City's application to certify its January 11, 2023, order. Otherwise, the trial court "**shall** no longer consider the application and it **shall** be deemed denied." Pa.R.A.P. 1311(b) (emphasis added). Accordingly, the City's application to certify was deemed denied as of February 22, 2023. The City then had until March 24, 2023, to file a petition for permission to appeal. As noted, the City did not file its Petition until April 6, 2023. This Court therefore issued an April 24, 2023, Rule upon the City to Show Cause why its Petition should not be denied as untimely.

The City answered the Rule to Show Cause order, providing a timeline for the events described above and maintaining that at no time did 30 or more days pass during which the trial court did not take some action on the City's application to certify. (Resp. to Rule to Show Cause.) The City's "Response to the Rule to Show Cause" does not cite any case law addressing the timeliness of a petition for permission to appeal.

At the outset, Rule 1311(b) states in relevant part:

> **(b) Petition for permission to appeal.**--Permission to appeal from an interlocutory order listed in paragraph (a) may be sought by filing a petition for permission to appeal with the prothonotary of the appellate court within 30 days after entry of such order or the date of deemed denial in the trial court . . . with proof of service on all other parties to the matter in the trial court . . . and on the . . . clerk of the trial court, who shall file the petition of record in such trial court. An application for an amendment of an interlocutory order to set forth expressly either the statement specified in 42 Pa.C.S. § 702(b) or the one in Pa.R.A.P. 341(c) shall be filed with the trial court . . . within 30 days after the entry of such interlocutory order, and permission to appeal may be sought within 30 days after entry of the order as amended. **Unless the trial court . . . acts on the application within 30 days after it is filed, the trial court . . . shall no longer consider the application and it shall be deemed denied.**

Pa.R.A.P. 1311(b) (emphasis added).

4

Based on the City's Response to the Rule to Show Cause, the question arises whether the trial court here **acted** on the application within 30 days. Initially, we note that the courts are generally required to use the rules of statutory construction when interpreting the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 107; *Roth Cash Register Co., Inc. v. Micro Sys., Inc.*, 868 A.2d 1222 (Pa. Super. 2005). "Pursuant to the rules of statutory [construction], our primary focus in interpreting the Rules of Appellate Procedure is to determine the intent of the drafters of the Rules[,]" and "[t]he intent of the drafters should be gleaned from the explicit language of the Rule alone when the language is clear." *Roth Cash Register*, 868 A.2d at 1225-26.

Section 1903 of the Statutory Construction Act of 1972 (SCA), 1 Pa.C.S. § 1903, provides:

> (a) Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.
>
> (b) General words shall be construed to take their meanings and be restricted by preceding particular words.

Section 1922 of the SCA, 1 Pa.C.S. § 1922, further provides, with added emphasis:

> In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used:
>
> **(1) That the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable.**

5

(2) That the General Assembly intends the entire statute to be effective and certain.

(3) That the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth.

(4) That when a court of last resort has construed the language used in a statute, the General Assembly in subsequent statutes on the same subject matter intends the same construction to be placed upon such language.

(5) That the General Assembly intends to favor the public interest as against any private interest.

When Rule 1311 is read in its entirety, the word "acts" can only mean that the trial court must **dispose of** the application to certify. The trial court's scheduling of oral argument on the application to certify the interlocutory order and solicitation of briefing on an unrelated issue cannot toll the period in which to dispose of the application; otherwise, the deemed denial provision has no effect and is rendered merely superfluous.

Providing guidance on Rule 1311, West's Appellate Practice explains:

Rule 1311(b) provides that unless the trial court or other government unit acts on the application to certify an interlocutory order under 42 Pa.C.S. § 702(b) or Pa.R.A.P. 341(c) within 30 days after it is filed, **"the trial court or other government unit shall no longer consider the application and it shall be deemed denied." It falls to petitioner to "watch the clock."** Where the lower tribunal fails to act within 30 days, the petition for permission to appeal must be filed with the appellate court within 30 days of the deemed denial date.

20 West's Appellate Practice § 1311:10 (2022-23 ed.) (emphasis added and footnote omitted). The language of Rule 1311 thus requires the trial court to dispose of the

6

application to certify within 30 days of its filing date. Here, the trial court did not do so, and the application was deemed denied on February 22, 2023.

Rule 1316 further supports the conclusion that the trial court must dispose of the application to certify within 30 days of its filing. Rule 1316 permits the appellate court to treat a request for discretionary review of an order that is immediately appealable as a notice of appeal if the party has filed a timely petition for permission to appeal. Pa.R.A.P. 1316. Regarding Rule 1316, West's instructs:

> Rule 1316 preserves interlocutory appeal rights where the petitioner files a petition for permission to appeal from an interlocutory order that is appealable as of right. Where the correct appellate filing is a notice of appeal, a petition for review, or a petition for specialized review because the lower tribunal's order is appealable as a matter of right, but the party seeking to appeal incorrectly files a petition for permission to appeal instead, the filing deadline for the correct appeal document will have passed before the appellate court decides that the petition for permission to appeal is incorrect and that a direct appeal is required. **By enabling and requiring the appellate court to treat a timely but incorrectly filed petition for permission to appeal from an order that is in fact appealable as of right as a timely filed direct appeal, Rule 1316 prevents the unnecessary loss of the right to appeal certain interlocutory orders.**

20 West's Appellate Practice § 1316:1 (2022-23 ed.) (emphasis added and footnotes omitted).

Implicit in both Rule 1311 and Rule 1316 is that the appellate court has jurisdiction to address a petition for permission to appeal only if it is timely filed. If timeliness was not a jurisdictional requirement of a petition for permission to appeal,

the appellate courts could not treat a timely filed petition for permission to appeal from an order that is immediately appealable as a notice of appeal under Rule 1316.[5]

Our research found two cases that discuss Rule 1311. In *McIlwain v. Saber Healthcare Group, Inc., LLC*, 208 A.3d 478 (Pa. Super. 2019), Chalena McIlwain filed a wrongful death and survival claim and a negligence action against the nursing home where her father died after he fell and sustained a head injury. The nursing home filed preliminary objections alleging that McIlwain was required to proceed to arbitration because she signed her father's nursing home admission papers and a "Resident and Facility Arbitration Agreement" (agreement) as his conservator. The trial court sustained the preliminary objections in part, concluding that the survival claim was required to proceed to arbitration under the agreement between the nursing home and McIlwain's father, which McIlwain had signed as her father's conservator. The trial court further held that McIlwain, in her own right, was not bound by the arbitration agreement; she could proceed with the remaining claims.

McIlwain filed a motion to certify the trial court's order to include the language of 42 Pa.C.S. § 702(b). Relevantly, the Superior Court stated: "The [trial court] **did not enter a ruling** on the motion, and the motion was deemed denied on [a date certain]." 208 A.3d at 482 (emphasis added).

In *Wisniski v. Brown & Brown Insurance Company of Pennsylvania*, 852 A.2d 1206 (Pa. Super. 2004), *vacated in part*, 887 A.2d 1238 (Pa. 2005), *on remand*, 906 A.2d 571(Pa. Super. 2006),[6] the Wisniskis, owners of Saturn Surplus, filed an action

---

[5] *See also* Pa.R.A.P. 105(b) ("An appellate court . . . may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, *a petition for permission to appeal*, a petition for review, or a petition for specialized review.") (emphasis added).

[6] The Supreme Court's order vacating the Superior Court's order was unrelated to the Superior Court's determination that EMC Insurance Company's appeal was not properly before that Court.

in the trial court against the Brown Agency, EMC Insurance Companies (EMC), and some of their employees for damages the Wisniskis' building sustained due to flooding. The insurance companies claimed that the insurance policies did not provide coverage for flooding. The Brown Agency and EMC filed summary judgment motions. The trial court granted the Brown Agency's motion for summary judgment but denied EMC's motion. The trial court later certified its order granting summary judgment to the Brown Agency under Pa.R.A.P. 341(c); the Wisniskis and EMC appealed to the Superior Court. On appeal, the Superior Court first examined whether certification under Pa.R.A.P. 341(c) (granting summary judgment in favor of the Brown Agency) was appropriate. The Superior Court ultimately agreed that the Wisniskis' appeal was properly before the Court and addressed the merits thereof.

The Superior Court also considered whether the denial of EMC's motion for summary judgment was properly before it. The Court observed that EMC had sought certification under Pa.R.A.P. 1311 and 42 Pa.C.S. § 702(b). Relying on Rule 1311, the Superior Court stated:

> Under Pa.R.A.P. 1311, such an application shall be filed within 30 days of the interlocutory order. In other words, EMC's deadline for filing an application expired on or about May 18, 2003. EMC's petition appears in the [original] record and on the docket sheet, but it is not date-stamped. EMC asserts that it mailed the application on or about May 16, 2023. We will assume *arguendo* that the application was timely filed.
>
> **In any event, the trial court did not rule on this application within 30 days. Under Pa.R.A.P. 1311, when the trial court fails to rule on such an application within 30 days of filing, it is deemed denied.** On July 17, 2003, EMC [] filed a petition for review of the trial court's "deemed denial" of the application. This Court denied the petition for review on August 29, 2003.

9

852 A.2d 1210-1211 (emphasis added). These cases support the conclusion that the trial court must dispose of the application to certify within the 30-day period after filing, or the application is deemed denied.

This interpretation is also supported by how courts have interpreted what it means for a court to "act" under other rules. For instance, Rule 341(c) of the Pennsylvania Rules of Appellate Procedure discusses applying for a determination of finality when there is more than one claim for relief or multiple parties involved and a trial court enters a final order as to one but fewer than all claims and parties. Pa.R.A.P. 341(c). Subparagraph (2) provides that "Unless the trial court or other government unit **acts** on the application within 30 days after it is filed, the trial court or other government unit shall no longer consider the application and it shall be deemed denied." Pa.R.A.P. 341(c)(2) (emphasis added). In *Bailey v. RAS Auto Body, Inc.*, 85 A.3d 1064 (Pa. Super. 2014), the Superior Court determined that an application seeking a determination of finality, filed on or about September 20, 2012, was deemed denied by operation of law on October 15, 2012, when the trial court did not "act" on it within the 30 days prescribed by the rule. Similar to the instant matter, the trial court had scheduled argument on the application and responsive pleadings and ultimately granted the request, albeit outside the 30-day window. *Id.* at 1067 n.2.

Although we understand the City's position, based on the language of Rule 1311, the SCA, and case law, the City's application to certify was deemed denied when the trial court did not dispose of the application within 30 days of its filing. For these reasons, the Court is constrained to conclude that the City's Petition is untimely and, therefore, must be quashed.

_____
Renée Cohn Jubelirer, President Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

East Liberty Development, Inc.    :
                                      :

                   v.                      :
                                      :

City of Pittsburgh,                :
                  Petitioner    :          No. 358 C.D. 2023

## **ORDER**

NOW, June 22, 2023, upon review of the City of Pittsburgh's Response to this Court's April 24, 2023, Rule to Show Cause, the Rule is DISCHARGED. The City of Pittsburgh's Petition for Permission to Appeal is QUASHED as untimely.

_____

Renée Cohn Jubelirer, President Judge