J-S09011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES EDWARD LATTIMORE | |
| Appellant | No. 1099 MDA 2015 |

Appeal from the Judgment of Sentence December 23, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001493-2013

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 18, 2016**

Appellant, James Edward Lattimore, appeals from the judgment of sentence entered after he pled guilty to one count of burglary of a home with a person inside. Lattimore contends that the trial court abused its discretion in several respects during sentencing. After careful review, we conclude that none of Lattimore's arguments merit relief, and therefore affirm.

Lattimore was originally charged with 10 crimes arising from a daylight break-in of a residence in Roaring Brook Township.  At the time of the break-in, a mother and her teenaged son were inside the residence. Pursuant to a negotiated agreement, Lattimore pled guilty to one count of burglary – overnight accommodation, person present.  Slightly over a month

later, the trial court sentenced Lattimore to term of imprisonment of six to twelve years.

Lattimore filed a timely motion for reconsideration of sentence. On December 30, 2014, the trial court entered an order denying Lattimore's motion in all aspects save his challenge to the amount of restitution imposed. In May 2015, Lattimore and the Commonwealth agreed to an amount of restitution, and the trial court entered an order revising the amount of restitution imposed. This timely appeal followed.

On appeal, Lattimore raises three challenges to the trial court's exercise of discretion in imposing sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [We] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Lattimore filed a timely appeal and raised the challenges presented on appeal in a post-sentence motion. Lattimore's appellate brief also contains the requisite Rule 2119(f) concise statement, in which he provides arguments supporting his contention that he has raised three substantial questions.

"A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015) (citation omitted). "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013) (citation omitted).

We will address Lattimore's issues in sequence. In his first two issues, he argues that the trial court erred in calculating his prior record score. A claim that a trial court miscalculated the defendant's prior record score raises a substantial question. *See Commonwealth v. Johnson*, 758 A.2d 1214, 1216 (Pa. Super. 2000). We therefore turn to the merits of this argument.

Lattimore contends that the trial court erred in calculating his prior record score in two respects. First, that it improperly counted a conviction for which the sentence imposed was entirely concurrent to another sentence. *See*, *e.g.*, *Commonwealth v. Spenny*, 128 A.3d 234, 242 (Pa. Super. 2015). Second, Lattimore contends that the trial court improperly graded New Jersey convictions for aggravated assault with bodily injury, theft, forgery, and obstructing administration of law. Unfortunately, a copy of the sentence guideline form utilized by the trial court in calculating sentence is not included in the certified record.[1] Our review of the record does not reveal any other document revealing the calculations utilized by the trial court in imposing sentence.

"It is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." *Everett Cash Mutual Insurance Company v. T.H.E. Insurance Company*, 804 A.2d 31, 34 (Pa. Super. 2002) (quoting *Hrinkevich v. Hrinkevich*, 676 A.2d 237, 240 (Pa. Super. 1996)). Ordinarily, we can only consider documents which are part of the certified record. *See Roth Cash Register Company, Inc. v. Micro Systems, Inc.*, 868 A.2d 1222, 1223 (Pa. Super. 2005). Absent the sentence guideline form, we cannot review

---

[1] There is a docket entry for this form, but the form was not numbered or included in the certified record forwarded to this Court.

the calculations utilized by the trial court in imposing sentence. These arguments are therefore waived.

In his final argument, Lattimore contends that the trial court relied upon impermissible factors in imposing sentence. Specifically, he first argues that the trial court utilized his prior criminal record as a reason to impose an aggravated range sentence. He also contends that the trial court improperly relied upon the fact that a teenaged minor was in the home Lattimore burglarized to impose an aggravated range sentence, as he believes that such a fact is already included as an element of the crime. A claim that a sentencing court imposed a sentence outside the standard guidelines without stating adequate reasons on the record presents a substantial question. ***See Commonwealth v. Antidormi***, 84 A.3d 736, 759 (Pa. Super. 2014) (citation omitted). Therefore, we conclude that Lattimore has presented a substantial question.

Both of Lattimore's arguments challenge the imposition of terms of imprisonment in the aggravated range of the sentencing guidelines. For such challenges, the following standard of review has been set forth.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006) (quoting ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006)).

It is well-established that Pennsylvania has an indeterminate guided sentencing scheme. ***See Commonwealth v. Yuhasz***, 923 A.2d 1111, 1117 (Pa. 2007). The sentencing judge is required to consider the sentencing guidelines that have been adopted by the Legislature. ***See*** 42 Pa.C.S.A. § 9721(b). It is recognized however that the sentencing guidelines are purely advisory in nature and are merely one factor among many that the court must consider in imposing a sentence. ***See Yuhasz***, 923 A.2d at 1118. "[A] trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range." ***Shugars***, 895 A.2d at 1275.

It is impermissible for a court to consider factors already included within the sentencing guidelines as the sole reason for increasing a sentence into the aggravated range. ***See Commonwealth v. Simpson***, 829 A.2d 334, 339 (Pa. Super. 2003). Specifically, "factors already used in Guideline computations, including *inter alia*, prior convictions, may not be used to justify an aggravated sentence." ***Commonwealth v. McNabb***, 819 A.2d 54, 57 (Pa. Super. 2003) (citation omitted).

In imposing sentence, the trial court provided the following reasoning.

> This sentence, sir, is in the aggravated range, and the reasons for this sentence are, this sentence is consistent with the

protection of the community, this sentence recognizes the serious nature of this offense and the gravity of this offense, this sentence recognizes the adult criminal history that I just had the opportunity to discuss with you on the record demonstrating that in the past 15 years until your arrest in 2013 that you were either incarcerated or out on the street for a very short period of time.

It does appear to me, sir, that during the past 14, 15, 16 years you have failed to rehabilitate yourself when offered the opportunity for parole and/or probation.

The last sentence[s] imposed were in 2010 … they were imposed within three years, three years and a few days, of this new offense.

While the crime of burglary, the one that you pled guilty to and I'm sentencing you here today contemplates the home being occupied at the time of the crime, in this case there were two victims, a mother and her 16 year old son, this sentence takes into consideration the fact there were multiple victims, the age of the son, that he was a victim who locked himself in a closet with his mother while they called for help.

The sentence also takes into consideration the very serious impact this crime has had on them, and they have been robbed of any peace in their home. That's why in Pennsylvania, sir, burglary of an occupied dwelling is, as the prosecutor stated, one of the highest crimes you can plead guilty to or be convicted of.

The court is also imposing this sentence because there is a – this crime, the nature of this crime, was brazen and very frightening. I can only imagine how terrifying it was – must have been for the victims to be locked in a closet while an unknown individual kicked in the door to their residence, entered the home and was rummaging around until the crime was interrupted by members of society.

N.T., Sentencing, 12/23/14, at 42-44.

We conclude that the trial court did not consider any improper factors

in imposing sentence. First, while the trial court did consider Lattimore's

prior criminal history in a negative light, it conditioned this consideration on the fact that Lattimore had rarely been out of jail for the past 15 years. This is a circumstance distinct from the purely mechanical consideration of a prior record score. Furthermore, the trial court noted that this 15 years of history indicated that Lattimore had repeatedly and consistently failed to rehabilitate himself in any manner.

Similarly, the trial court's consideration of the presence of the teenage son in the home was not consistent with the element of the crime to which Lattimore had pled guilty. While Lattimore pled guilty to burglary of an occupied home, the trial court emphasized the fact that there were actually two victims inside the home at the time. Furthermore, the trial court focused on the terror caused to the minor by the brazen home invasion. These factors are not elements of the crime Lattimore pled guilty to, and therefore are appropriate considerations in imposing an aggravated range sentence. We therefore conclude that Lattimore's final argument does not merit relief on appeal.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2016

- 8 -