J-M05001-25

2025 PA Super 283

PHILIP GODLEWSKI : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Petitioner :
:
:
:
v. :
:
:
:
BRIENNA DUBORGEL : No. 38 MDM 2025

Appeal from the Order Entered April 21, 2025
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  CV-2023-1354

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.*

OPINION BY OLSON, J.: **FILED: DECEMBER 18, 2025**

Petitioner, Philip Godlewski, plaintiff below, filed a petition for permission to appeal from the order dated April 17, 2025, and entered April 21, 2025 ("Order"), that granted in part and denied in part the motions for partial summary judgment filed by the parties.  We hold that, pursuant to Pa.R.A.P. 1311(b) and Pa.R.A.P. 341(c), a request to certify an order for interlocutory appeal is not deemed denied if a trial court has issued a directive related to the certification request within thirty days of the request.  For the reasons set forth below, we dismiss the petition without prejudice as to Petitioner's right to petition this Court for permission to appeal once the trial court disposes of Petitioner's application to certify the Order.

_____

* Retired Senior Judge assigned to the Superior Court.

Based on our disposition, a thorough recitation of the factual and procedural history is unnecessary. Briefly, on April 28, 2025, Petitioner timely sought certification of the Order pursuant to 42 Pa.C.S. § 702(b) or, in the alternative, Rule 341(c). As noted in the petition, on May 7, 2025, the trial court directed Respondent, Brienna DuBorgel, defendant below, to file a response to the application to certify. Respondent complied. A review of the trial court docket, as of the date of this Opinion, demonstrates that the trial court has yet to enter an order disposing of the application.

On June 27, 2025, Petitioner filed the instant petition. This Court thereafter directed Petitioner to show cause as to why the petition for permission to appeal should not be dismissed as premature. In response, Petitioner asserted that the text of Rule 1311(b) is ambiguous because the phrase "acts on the application" could be interpreted as either requiring a dispositive order or that the trial court merely schedule further proceedings on the application. In any event, Petitioner consented to the dismissal of the petition so long as it is without prejudice as to his right to petition this Court for permission to appeal once the trial court disposes of the application to certify the Order.

In interpreting rules of procedure, our standard of review is *de novo*, and our scope of review is plenary. ***Barrick v. Holy Spirit Hosp. of the Sisters of Christian Charity***, 32 A.3d 800, 808 (Pa. Super. 2011) (*en banc*). At issue are Rule 1311(b) and Rule 341(c)(2), which provide, in pertinent part:

**Rule 1311. Interlocutory Appeals by Permission**

* * *

**(b) Petition for Permission to Appeal.** Permission to appeal from an interlocutory order listed in subdivision (a) may be sought by filing a petition for permission to appeal with the prothonotary of the appellate court within 30 days after entry of such order **or the date of deemed denial** in the trial court or other government unit . . . . **Unless the trial court or other government unit acts on the application** within 30 days after it is filed, the trial court or other government unit shall no longer consider the application and it shall be deemed denied.

Pa.R.A.P. 1311(b) (emphases added).

**Rule 341. Final Orders; Generally**

* * *

**(c) Determination of Finality.** When more than one claim for relief is presented in an action. . . the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order. In addition, the following conditions shall apply:

* * *

(2) **Unless the trial court or other government unit acts on the application** within 30 days after it is filed, the trial court or other government unit shall no longer consider the application and it shall be deemed denied.

Pa.R.A.P. 341(c)(2) (emphasis added).

This Court has not addressed the meaning of "acts on" as used in Rule 1311(b). We may, in some instances, examine whether our sister court has interpreted language in the rules. *See Petow v. Warehime*, 996 A.2d 1083, 1089 n.1 (Pa. Super. 2010) (stating that because decisions of sister court may provide persuasive authority, this Court "may turn to our colleagues on the Commonwealth Court for guidance when appropriate"). In *East Liberty Development, Inc. v. City of Pittsburgh*, 323 A.3d 32 (Pa. Cmwlth. 2023), the Commonwealth Court addressed the language at issue and concluded that the phrase "acts on" in Rule 1311(b) "can only mean that the trial court must **dispose of** the application to certify." *Id.* at 36. Therefore, the *East Liberty* Court held that the language of Rule 1311(b) requires the trial court to dispose of the application to certify within thirty days of the filing date; once the thirtieth day has passed, the application is deemed denied. *Id.*

Although the Commonwealth Court's decision may provide persuasive authority, this Court "is not bound by decisions of the Commonwealth Court." *Petow*, *supra* at 1089 n.1. With all due respect to our sister court, it is not obvious that the drafters of Rule 1311(b) intended the phrase "acts on" to mean only "dispose of." The object of construing the Rules of Appellate Procedure is to ascertain and effectuate the drafters' intent. *Roth Cash Register Co., Inc. v. Micro Sys., Inc.*, 868 A.2d 1222, 1225 (Pa. Super. 2005). A rule's plain language generally provides the best indication of the drafters' intent. *Id.* Moreover, barring terms of art that have acquired

peculiar or technical meanings, words and phrases must be construed according to their common and approved usage. Pa.R.J.A. 106(a).

Had the drafters intended the phrase "acts on" to be synonymous with "dispose of," they would have incorporated the latter, narrower phrase into Rule 1311(b) just as they did in other Rules of Appellate Procedure. ***See, e.g.***, Pa.R.A.P. 311(a)(1) (stating that if orders opening, vacating, or striking off judgment are sought in alternative, "no appeal may be filed until the court has **disposed of** each claim for relief" (emphasis added)); Pa.R.A.P. 341(b)(1) (stating final order "**disposes of** all claims and of all parties" (emphasis added)). Rather than utilize the same, explicit language in Rule 1311(b), the drafters opted for broader language in the form of "acts on." Construed according to its common and approved usage, the phrase "acts on the application" means to take, do, or perform some action regarding the certification request. ***See*** *Act*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining "act" to mean "the process of doing or performing"). To hold otherwise would give Rule 1311(b) a construction at odds with the plain language of the Rule. This, we find, impermissible. ***See*** Pa.R.J.A. 108(b) (stating, "When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.").

Here, the trial court "acted on" Petitioner's application to certify by directing Respondent to file a response to the application and did so within the thirty-day period within which it was required to act. The current docket

- 5 -

indicates that the trial court is still considering the application, and the response thereto, and has yet to certify the Order under Section 702(b) or deny certification under Section 702(b) or Rule 341(c).

Where, as here, the trial court directs one of the parties to file a response to the application to certify an interlocutory order for appeal, that directive constitutes action vis-à-vis the application. Having been acted on, Petitioner's application was not deemed denied more than 30 days after the filing of the application. Rather, the trial court is still considering Petitioner's application and has yet to certify the Order under Section 702(b) or deny certification under Section 702(b) or Rule 341(c).

Accordingly, we dismiss the petition for permission to appeal without prejudice as to Petitioner's right to petition this Court for permission to appeal once the trial court disposes of Petitioner's application to certify the Order.

Petition for permission to appeal dismissed without prejudice.

Judge Stabile joins this Opinion.

President Judge Emeritus Ford Elliott files a Dissenting Statement.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/18/2025