J-M05001-25

2025 PA Super 283

| | | |
|---|---|---|
| PHILIP GODLEWSKI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Petitioner | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIENNA DUBORGEL | : | No. 38 MDM 2025 |

Appeal from the Order Entered April 18, 2025
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  CV-2023-1354

BEFORE:   OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

DISSENTING STATEMENT BY FORD ELLIOTT, P.J.E.:

I very respectfully dissent and would continue to rely on the interpretation given to Pennsylvania Rule of Appellate Procedure 1311(b) by our sister court in **East Liberty Dev., Inc. v. City of Pittsburgh**, 323 A.3d 32 (Pa. Cmwlth. 2023).  Additionally, I believe that this Court has addressed the issue presented in this case in our prior decision in **Bailey v. Ras Auto Body**, 85 A.3d 1064 (Pa. Super. 2014).

I find no real distinction between the words "acts on" and "disposes of" in interpreting our appellate rules.  I view the issue here more as a jurisdictional matter rather than one of pure semantics.  In fact, I would wager that the trial court has not further acted on Petitioner's request for certification because that request was deemed denied.  **See** Pa.R.A.P. 1311(b).  Instantly,

_____

[*] Retired Senior Judge assigned to the Superior Court.

I would find the trial court lacked jurisdiction to act on the petition once that petition was deemed denied.

I find support for this interpretation in looking to the language of Pennsylvania Rule of Appellate Procedure 1113(2), which defines time and action for filing a petition for allowance of appeal in the Pennsylvania Supreme Court, as follows:

> Unless the Superior Court or the Commonwealth Court **acts on** the application for reargument within 60 days after it is filed, the court shall no longer consider the application, it shall be deemed denied, and the prothonotary of the appellate court shall forthwith enter an order denying the application and shall immediately give notice of entry of the order denying the application to each party who has appeared in the appellate court.

Pa.R.A.P. 1113(2) (emphasis added). The rule further states that the time for filing a petition for allowance of appeal is measured from the entry of the order denying or otherwise disposing of such an application. ***See id.***

In other words, the time in which the intermediate appellate court may consider an application for reargument is sixty days. I know of no case law or rule that allows the sixty-day period to be extended by this Court or the Commonwealth Court. This Court effectively loses jurisdiction to act on, or otherwise dispose of, the application for reargument after expiration of the sixty-day period.

For the same reasons, I believe the trial court loses jurisdiction to act on or dispose of a Rule 1311 petition after the thirty-day period to act expires. I would conclude that Petitioner's time to seek review in our Court begins

when the order is denied or deemed denied by the passage of those thirty days.

> An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, **but the court may not enlarge the time for filing** a notice of appeal, a petition for allowance of an appeal, **a petition for permission to appeal**, a petition for review or a petition for specialized review.

Pa.R.A.P. 105(b) (emphases added).

Therefore, I would follow the authority provided by our sister court in *East Liberty*, and from our Court in *Bailey*, and define the words "acts on" to be the same as "disposes of." Hence, I respectfully dissent.